**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MARIA WOZNIAK,

              Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

              Defendant.

2:18-cv-02221-APG-VCF

**REPORT AND RECOMMENDATION**

MOTION TO REMAND [ECF NO. 19]; CROSS-MOTION TO AFFIRM [ECF NO. 23]

      This matter involves plaintiff Maria Wozniak's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Wozniak's motion for remand (ECF No. 19) and the Acting Commissioner's cross-motion to affirm and opposition to plaintiff's motion for reversal (ECF Nos. 23 and 24). The Court recommends denying plaintiff's motion to remand and granting the Commissioner's cross-motion.

**I.    Standard of Review**

      The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the

1

District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.     Discussion**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 7, 2015. (AR[1] at 17). The ALJ found plaintiff had numerous severe impairments, "that result in limitations that significantly affect the claimant's ability to perform basic work activities and have lasted…for a

---

[1] The Administrative Record ("AR") is found at ECF No. 18.

continuous period of not less than 12 months." (*Id.* at 18).  These were: spondylosis, postural orthostatic tachycardia syndrome (POTS), and tachycardia. (*Id.*)  The ALJ held that Wozniak's mental impairments, including depression and anxiety, were medically determinable, but not severe because, "considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (*Id.*)

The ALJ found plaintiff's impairments, while severe, did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 20). The ALJ concluded plaintiff has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). (*Id.*)   At step four of the sequential analysis, the ALJ found Wozniak can perform her past relevant work as a hospital operator, receptionist, group worker/social services, and security officer (AR 25). The ALJ also found that plaintiff meets the insured status requirements of sections 216(i) and 223 of the Social Security Act. (*Id.* at 17). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from November 7, 2015 through the date of the decision on October 2, 2017. (*Id.* at 26).

Plaintiff challenges the ALJ's conclusions on several grounds: 1) that the ALJ improperly rejected the opinions of plaintiff's treating doctor and the consultative examiner; 2) the ALJ improperly rejected plaintiff's testimony; 3) the ALJ improperly rejected the testimony of the lay witness; and 4) the ALJ improperly relied upon vocational testimony given in response to an incomplete hypothetical. (ECF No. 19 at 1).  Plaintiff argues the ALJ did not properly consider the opinions of examining physician Dr. John Mather and treating physician Dr. Benjamin Venger because she did not offer clear and convincing reasons supported with substantial evidence for rejecting the opinions. (*Id.*)   Plaintiff argues the ALJ failed to provide clear and convincing findings in support of the ALJ's rejection of plaintiff's testimony. (*Id.*).  Plaintiff also argues that the ALJ improperly rejected the testimony of a lay witness and

3

improperly posed an incomplete hypothetical to the vocational expert. (*Id.*)

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF. 23 at 3). The Commissioner asserts substantial evidence supports the ALJ's findings, that the ALJ reviewed the record and cited the opinions of Dr. Mather extensively. (AR 18-19). The Commissioner also argues that the ALJ provided legally sufficient reasons supported by substantial evidence explaining why she rejected Dr. Venger's conclusions. (*Id.* at 19). The Commissioner also argues that the ALJ properly weighed plaintiff's activities and statements regarding her ability to engage in activities, when deciding whether her subjective testimony of disability was consistent with the record evidence. (*Id*. at 5). The Commissioner argues that the ALJ properly evaluated the lay witness testimony and reasonably relied upon the vocational expert's testimony because the ALJ's hypothetical included all limitations properly established by the record. (*Id.* at 6 and 9).

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when (1) rejecting Dr. Mather and Dr. Venger's opinions and discounting the testimony of plaintiff Wozniak and her lay witness; and (2) reasonably relied upon the vocational expert's testimony.

**A. Discounting the Medical Opinions**

More weight is given to the opinion of a treating source than the opinion of a doctor who did not treat the plaintiff. See *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Medical opinions and conclusions of treating physicians are accorded special weight because these physicians are in a unique position to know plaintiffs as individuals, and because the continuity of their dealings with plaintiffs enhances their ability to assess the plaintiffs' problems. See *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). "[A]n [ALJ] may disregard medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam).

Treating physicians' uncontroverted "ultimate conclusions . . . must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); see also *Lewis v. Apfel*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld"). This means that the Commissioner's decision will be upheld if it has any support in the record. See *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it). "[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

The ALJ gave clear and convincing reasons set forth in proper detail for rejecting some of the restrictions noted in Dr. Mather's and Dr. Venger's evaluations. The ALJ cited extensively to the findings of examining physician Dr. Mather (AR 18-19), as well as to multiple State agency physicians: each independently concluded that plaintiff's mental impairments were non-severe and that there was insufficient evidence to support any other conclusion. See AR 118 (Dr. James T. Smith), AR 131 (Dr. Jon Arnow). The ALJ stated that she, "assigns partial weight" to Dr. Mather's opinion. (AR 24). Dr. Mather opined that 1) claimant has moderate to marked limitation in understanding, remembering, carrying out, and making judgments on complex work related decisions and interacting appropriately with the public (AR 1382-1385); and 2) that claimant would not have noticeable difficulty or be off task for at least 11% of a workday or workweek in her ability to interact appropriately with the general public, accept instructions, respond appropriately to criticism from supervisors, or respond appropriately

5

to changes in work setting (AR 1516-1520). Dr. Mather opined that Plaintiff "would likely be successful and able to self-regulate attention in a variety of vocational positions" (AR 1518).

The plaintiff argues that, "Dr. Mather's opinion is consistent with an ability to sustain simple, routine work, but not with an ability to sustain more complex tasks without extra help." (ECF No. 19 at 9). The Court may not rule in plaintiff's favor regarding her interpretation of Dr. Mather's opinion because, when an opinion is open to more than one interpretation, the Court must uphold the ALJ's interpretation. The ALJ gave great weight to Dr. Mater's opinions, but gave little weight to his opinion regarding the claimant's ability regarding "complex work related decisions and interacting appropriately with the public" because the psychiatric examinations throughout the record show "no acute distress…with a normal mood, appropriate affect, appropriate focus, and intact judgment and insight." (AR 24). Plaintiff reported that she is "able to bathe, feed, and care for herself without assistance. She reported to Dr. Mather that she is able to complete all basic activities of daily living" (AR 1376). The ALJ gave clear and convincing reasons set forth in proper detail for rejecting some of Dr. Mather's opinions.

The ALJ also discussed the opinion of treating physician Dr. Venger. The ALJ assigned it "little weight" because Dr. Venger's responses to the pre-printed RFC check-box form that he received from claimant's attorney were inconsistent with the record. (AR 24). See also *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) ("The ALJ, however, permissibly rejected them because they were check-off reports that did not contain any explanation of the bases of their conclusions"). The ALJ also stated that Dr. Venger's, "extreme opinion is inconsistent with his own treatment notes." (*Id.*) The ALJ reviewed Dr. Venger's treatment notes which stated that the claimant had no acute distress, is alert and oriented times three, with a normal mood, appropriate affect, appropriate focus, and intact judgment and insight. (AR 24; 1387-1397). The ALJ also discounted his opinion regarding her mental limitations because Dr.

Venger is a pain management physician who "does not specialize in orthopedics or neurology." (AR 24).

Dr. Vengar opined that Plaintiff could not sit, stand, and walk for a combined eight hours, could never lift or carry more than 10 pounds, has mild to moderately severe mental limitations, and a moderately severe impairment in her ability to ability to handle work stress or provide a consistent work effort. (AR 1291-92). The ALJ noted that Dr. Vengar had previously found only modest limitations, including a decreased sensation, mildly decreased motor and grip strength, and an antalgic (limp) gait (AR 22). See 1322 (5/5 motor strength testing noted in bilateral lower extremities); AR 1390-91 (negative straight leg raising and normal strength on motor examination throughout). (AR 24). The ALJ opined that Dr. Vengar's findings were not consistent with his opinion that claimant could carry no more than 10 pounds. (AR 24; 1291). Plaintiff's ability to engage in a totally normal range of activities is contradictory to Dr. Venger's belief that she could stand and walk for no more than three hours during an eight-hour day (AR 1291). See 20 C.F.R. § 404.1527(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion"). These contradictions are a reasonable basis for the ALJ to reject Dr. Venger's conclusions. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly discounted treating doctor's limitations for being "so extreme as to be implausible" and where "the restrictions appear to be inconsistent with the level of activity that [Plaintiff] engaged in"). The ALJ gave clear and convincing reasons set forth in proper detail for rejecting the opinions of Dr. Venger.

The ALJ's findings that the objective medical evidence in the record does not support parts of Dr. Mather's opinion and Dr. Venger's evaluation regarding plaintiff's mental and physical ability to perform work are supported by substantial evidence within the record.

//

**B. Discounting the Plaintiff's Testimony and the Lay Witness's Statement**

The ALJ must evaluate the plaintiff's testimony using a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the plaintiff presented objective medical evidence of an underlying impingement which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the Plaintiff meets this first test, and there is no evidence of malingering, the ALJ can reject the plaintiff's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). General findings are inadequate as the ALJ must identify what testimony is not credible and what evidence undermines the plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010).

The ALJ found the plaintiff's subjective complaints and alleged limitations are not persuasive for multiple reasons. The ALJ pointed out that the plaintiff's allegation of disabling dizziness and fatigue are contradicted by "the evidence of record [that] suggests symptoms from these conditions are not as severe and limiting as alleged." (AR 21, 77-78). The ALJ discounted plaintiff's assertions of disabling pain because of inconsistencies with the medical record, evidence of her conservative treatment, and inconsistencies with plaintiff's daily activities. (AR at 21).

The ALJ found that plaintiff has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b). (AR 20). The ALJ also found that plaintiff is capable of performing past relevant work as a hospital operator, receptionist, group worker/social services, and security officer because none of this work requires the performance of work-related activities precluded by the claimant's residual functional capacity. (AR 25). The ALJ found that this range of work considers the location, duration, frequency, and intensity of plaintiff's alleged symptoms, including precipitating and aggravating factors. (AR 21). The ALJ found that plaintiff's medical records support this finding.

(AR 21 and 26). "The objective findings, diagnostic studies, treatment modalities, and treatment record on the whole illustrate that claimant's limitations are not debilitating." (AR 22). For example, the plaintiff alleges disabling symptoms of back pain, but a December 31, 2015 x-ray of her lumbar spine showed marginal spurring and no acute fractures. (AR 22; 902-997) Claimant also alleges that she was unable to work in November 2015 due to fatigue, but cardiovascular examinations taken during that time period were routinely normal. (AR 22; 815-819; 846-853). The ALJ therefore provided specific, clear and convincing reasons for discounting plaintiff's testimony.

The ALJ also found plaintiff's complaints were inconsistent with her daily activities. (AR 21). An ALJ may use daily activities to form the basis of adverse credibility determination when the activities "involv[e] the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ may consider any of the plaintiff's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity." *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

The ALJ found plaintiff's allegations of functional limitations to be inconsistent with her activities of daily living. (AR 21). For example, plaintiff "indicated she was able to drive independently without difficulties" (AR 23, 1374). This is contrary to her claim that she can only sit for a half hour at a time (AR 77). The ALJ found that plaintiff's daily activities rendered plaintiff's allegations of disability less persuasive. (*Id.*). The Court finds the ALJ provided clear and convincing reasons for discounting plaintiff's assertions of disabling pain.

The ALJ also discussed the 2014 lay witness statement of plaintiff's husband, Jason Wozniak (AR 25, 313-20). Mr. Wozniak repeated plaintiff's claims that she could not sit or stand for long periods of time (AR 313), that she had difficulties with self-care, and did not prepare any meals (AR 315). The

9

ALJ stated that the 2014 statement was not consistent with the medical record. (AR 25). As analyzed above, plaintiff told Dr. Mather in 2017 that she had no problems with daily activities such as self-care. (AR 1376). "To reject third-party reports of a claimant's impairments, the standard is much lower [than for rejecting a claimant's allegations]: an ALJ need only give reasons that are germane to each witness." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017). "Inconsistency with medical evidence is one such [germane] reason". *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ reasonably considered and rejected plaintiff's testimony and the lay witness's statement regarding her alleged pain symptoms and limitations.

### C. The ALJ's Hypothetical to the Vocational Expert

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." *Embrey v. Bowen*, 849 F.2d 418, 420 (9th Cir. 1988). "Testimony of vocational expert must be reliable in light of medical evidence in order to qualify as substantial evidence." *Id.* "It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001); see also *Rollins*, 261 F.3d at 857 ("The omitted limitations, however, were only those that the ALJ found did not exist. Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove").

The plaintiff's argument that the ALJ's omission from her hypothetical evidence of plaintiff's testimony, the lay witness's statement, and the limitations assessed by Dr. Mather and Dr. Vengar, is unavailing because the ALJ's hypothetical included all limitations established by the medical record, as

analyzed above. The ALJ included all the limitations she found to exist, and her findings are supported by substantial evidence.

### III. Conclusion

The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting the opinions of plaintiff's treating physician Dr. Venger and the examining physician Dr. Mathers. The Commissioner did not err in denying Wozniak's claim. The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting portions of plaintiff's physicians' opinions, and for discounting the testimony of plaintiff Wozniak and her lay witness. The ALJ's hypothetical to the vocational expert included all the limitations she found to exist and thus it is supported by substantial evidence.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that plaintiff's motion for remand be DENIED (ECF No. 19) and the Acting Commissioner's cross-motion to affirm and opposition to plaintiff's motion for reversal be GRANTED (ECF No. 23).

DATED this 15th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

11