# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA WOZNIAK, | Case No.: 2:18-cv-02221-APG-VCF |
| Plaintiff | **Order Accepting Report and Recommendation, Denying Motion for Remand, and Granting Motion to Affirm** |
| v. | |
| ANDREW SAUL,[1] Commissioner of Social Security, | [ECF Nos. 19, 23, 31] |
| Defendant | |

Plaintiff Maria Wozniak filed an application for disability insurance on July 29, 2014 alleging she is mentally and physically disabled. The Social Security Administration denied Wozniak's application both when she filed it and on reconsideration. Administrative Law Judge Tin Tin Chen held a hearing and ruled that Wozniak was not disabled. The Appeals Council denied Wozniak's request for review. The ALJ's decision therefore became the Commissioner's final decision. Wozniak now seeks review of that decision, arguing that I should reverse it or remand the case for further proceedings.

On January 15, 2020, Magistrate Judge Ferenbach recommended that I deny Wozniak's motion to remand and grant the defendant's motion to affirm. ECF No. 31. Wozniak objects, arguing that Magistrate Judge Ferenbach improperly upheld the ALJ's decision that Wozniak's mental impairments were not severe. She also argues Judge Ferenbach erred by not correcting the ALJ's errors of: (1) wrongly discounting the opinion of Wozniak's treating physicians;

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019. Under Federal Rule of Civil Procedure 25(d), I direct the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

(2) discounting Wozniak's testimony; (3) rejecting lay testimony; and (4) relying on incomplete and flawed testimony from a vocational expert. After reviewing the record de novo I agree with Judge Ferenbach. So I deny the motion for remand and grant the motion to affirm.

## I. DISCUSSION

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997). I may set aside the ALJ's determination only if the ALJ's finding is not supported by substantial evidence or is based on legal error. *Id.* "Substantial evidence means more than a scintilla, but less than a preponderance"; it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted). If the evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *See Morgan v, Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I also may order the Commissioner to collect additional evidence, "but only

upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Wozniak is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders [her] incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). The ALJ determined that Wozniak had residual functional capacity to perform light work, and that Wozniak could perform her past relevant work as a hospital operator, receptionist, group worker, and security officer. ECF No. 18-1 at 29, 24.

**A. Medical Evidence**

The ALJ concluded that Wozniak's mental impairments were not severe because they did not cause more than minimal limitations in her ability to perform basic work activities. *Id.* at 27. Magistrate Judge Ferenbach concluded that this decision was supported by substantial evidence because the ALJ gave clear and convincing reasons for assigning partial and little weight, respectively, to the opinions of her treating physicians Dr. Mather and Dr. Venger. ECF No. 30 at 5. Wozniak objects, arguing that the medical records demonstrate her impairments were severe and the ALJ's reasons do not meet the clear and convincing standard. ECF No. 32 at 2-9.

"[T]he opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability." *Morgan*, 169 F.3d at 600. However, the ALJ "must present clear and convincing reasons for rejecting the uncontroverted opinion of a claimant's physician." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). "If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ credited many of Dr. Mather's opinions, but gave little weight to his opinion regarding Wozniak's ability to handle "complex work related decisions and interacting appropriately with the public." ECF No. 18-1 at 33. The ALJ reasoned that this conclusion was inconsistent with psychiatric examinations throughout the record indicating that Wozniak had "normal mood, appropriate affect, appropriate focus, and intact judgment and insight." *Id.* The ALJ assigned Dr. Venger's opinion little weight because his responses to a pre-printed check-box form that he received from Wozniak's attorney were inconsistent with the record. *Id.* The ALJ reasoned that Dr. Venger's opinion that, among other things, Wozniak could work only four hours a day was inconsistent with his own treatment notes and the other medical evidence in the record. *Id.* Having reviewed the record, the ALJ gave "clear and convincing" reasons to discredit Dr. Mather and Dr. Venger's evaluations, and his conclusion that Wozniak's mental impairments were not severe was supported by substantial evidence. So I overrule this objection.

**B. Wozniak's Testimony**

The ALJ found that Wozniak's subjective complaints and alleged limitations were not persuasive. *Id.* at 31-32. Magistrate Judge Ferenbach found that the ALJ's decision was supported by substantial evidence. ECF No. 31 at 8-9. Wozniak objects, contending that the ALJ did not apply the appropriate standard. ECF No. 32 at 9-12.

A claimant's statements as to pain or other symptoms cannot, alone, be conclusive evidence of disability. 42 U.S.C. § 423(d)(5)(A). So the ALJ must engage in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.

4

*Lingerfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain or other symptoms that she has alleged. *Id.* Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

Despite Wozniak's objection to the contrary, Magistrate Judge Ferenbach applied the "clear and convincing" standard. *See* ECF No. 31 at 8. And there is substantial evidence in the record showing that the ALJ met that standard. First, the ALJ found that Wozniak's statements as to her physical impairments were inconsistent with her medical records and conservative course of treatment, which show normal cardiovascular, neurological, and musculoskeletal examinations. ECF No. 18-1 at 31. The ALJ also found that Wozniak's claims of mental impairment were inconsistent with her treatment records, neurocognitive medical evaluations, and daily activities. *Id.* at 32. Having reviewed Magistrate Judge Ferenbach's report and recommendation, the ALJ's decision, and the administrative record, the ALJ's proffered reasons for discounting Wozniak's testimony are specific, clear, and convincing. So I overrule this objection.

**C. Lay Witness Testimony**

The ALJ discounted statements from Wozniak's husband because his statements were inconsistent with the medical records and unpersuasive. *Id.* at 34. Magistrate Judge Ferenbach found that the ALJ properly discounted the lay witness testimony. ECF No. 31 at 9-10. Wozniak

objects, arguing that the testimony is consistent with Dr. Mather and Dr. Venger's testimony. ECF No. 32 at 13-14.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (citations omitted). "One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." *Id.* The ALJ properly discounted the lay statement because it was inconsistent with Wozniak's medical records. ECF No. 18-1 at 34. Because the ALJ provided a germane reason for rejecting Wozniak's husband's statement, I overrule this objection.

**D. Vocational Expert Testimony**

The ALJ's decision that Wozniak is capable of performing her past relevant work as a hospital operator, receptionist, group worker, and security officer was based on the testimony of a vocational expert. *Id*. Magistrate Judge Ferenbach found that the ALJ did not err. ECF No. 31 at 10-11. Wozniak objects, arguing that the ALJ did not question the vocational expert on all of her relevant limitations. ECF No. 32 at 15-16.

"Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant, including, for example, pain and an inability to lift certain weights." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). But "[a]n ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001); *see also Embrey*, 849 F.2d 418 at 423. As discussed above, the ALJ determined and sufficiently explained that certain limitations alleged in Wozniak's testimony and Dr. Mather and Dr. Venger's opinions were not credible.

He was free to reject those limitations in his hypothetical questions. So I deny this objection, and I accept Magistrate Judge Ferenbach report and recommendation.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Maria Wozniak's objections [ECF No. 32] are overruled and the report and recommendation **[ECF No. 31] is ACCEPTED**.

I FURTHER ORDER that plaintiff Maria Wozniak's motion to remand **[ECF No. 19] is DENIED**.

I FURTHER ORDER that defendant Nancy Berryhill's cross-motion to affirm **[ECF No. 23] is GRANTED**.

I FURTHER ORDER the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case. The clerk of court is also instructed to enter judgment in favor of defendant Andrew Saul and against plaintiff Maria Wozniak.

DATED this 24th day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE